**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**at LEXINGTON**

**Civil Action No. 13-371-HRW**

**CRETIA D. SIZEMORE,** **PLAINTIFF,**

**v.** **MEMORANDUM OPINION AND ORDER**

**CAROLYN COLVIN,**
**COMMISSIONER OF SOCIAL SECURITY,** **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on February 3, 2011, alleging disability beginning on August 4, 2010, due to herniated disc (Tr. 173). This application was denied initially and on reconsideration. On August 20, 2012, an administrative hearing was conducted by Administrative Law Judge Roger L. Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 31, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 22-29). Plaintiff was years old on the alleged onset date. She has a limited education and can communicate in English. She has worked as a hand packager.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic neck and low back pain secondary to degenerative disc disease of the cervical and lumbar spine, with disc bulges at the L4/L5 and L5/S1 levels; bilateral shoulder pain; and a history of right elbow epicondylitis, which he found to be "severe" within the meaning of the Regulations (Tr. 24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24-25).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 27) but determined that she has the residual functional capacity ("RFC") to perform light work, but

she: (1) could only occasionally stoop, kneel, crouch, crawl, or climb stairs or ramps, but could not climb ropes, ladders, or scaffolds; (2) could only occasionally work with hands over the head; (3) could not operate foot pedal controls with the left leg; and (4) could not be exposed to concentrated vibration or industrial hazards (Tr. 26).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 28).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human*

*Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B. Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to consider left leg neuropathy as a severe impairment and (2) the ALJ did not properly evaluate the opinion evidence.

**C. Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ failed to consider left leg neuropathy as a severe impairment.

It is the burden of the claimant to prove the severity of her impairments. *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986). The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520© and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863.

Although the ALJ did not find that left leg neuropathy was a "severe" impairment, he did identify other impairments which he considered to be severe and, as such, found in Plaintiff's favor at Step Two of the sequential evaluation, which enabled him to proceed with the remaining analysis. Therefore, whether or not he identified this particular impairment as severe is irrelevant. McGlothin v. Comm'r of Soc. Sec., 299 F. App'x 516, 522 (6th Cir. 2008) (noting it was "legally irrelevant" that ALJ found some impairments not severe because ALJ found claimant had severe impairments and completed evaluation process). As such, Plaintiff's argument is not grounds for a reversal or a remand.

Plaintiff's second claim of error is that the ALJ did not properly evaluate the opinion evidence.

In evaluating the medical source opinions of record, an ALJ will determine what weight to give a medical opinion based on the length, nature and extent of the treatment relationship the medical source had with the claimant; the evidence the medical source presents to support his opinion; the opinion's consistency with the record as a whole; the specialty of the medical source; and other factors. 20 C.F.R. § 404.1527(c)(2)-(6).

Plaintiff asserts that the ALJ should have given greater weight to the October 21, 2011 assessment completed at the Health Now Clinic (Tr. 263-266). According to this assessment, Plaintiff had functional limitations due to low back pain, cervical back pain, left leg neuropathy and right shoulder pain, and specifically opined Plaintiff could lift or carry up to five pounds, could stand or walk up to thirty minutes at a time and in an eight-hour workday, and could only sit for less than thirty minutes at a time and less than one hour total in an eight-hour workday (Tr. 27, 264). Additionally, the assessment states that Plaintiff could never climb, stoop, crouch, kneel, or crawl, and was limited in reaching, handling, pushing, and pulling (Tr. 265). The ALJ gave little weight to

this opinion, noting it was inconsistent with Plaintiff's conservative treatment and the generally unremarkable imaging results for Plaintiff's spine (Tr. 27).

Plaintiff contends that contrary to what is stated in the hearing decision, the ALJ discounted the assessment because he mistakenly believed it was completed by Joan Schmitke, an Advanced Registered Nurse Practitioner, rather than her treating physician, Dr. Gina Land.

It is clear Ms. Schmitke signed the assessment. While another signature appears on it, it is unclear to whom it belongs. However, regardless of who did or did not sign off on this assessment, the ALJ reasonable gave it little weight because it was not consistent with the other evidence in the record. The Court finds no error in this regard.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 10th day of March, 2015.




Henry R. Wilhoit, Jr., Senior Judge